# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANASTASIA P. DIEHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0125-WS-B |
| | ) |
| THE MONEY SOURCE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Defendants' Unopposed Motion for Leave to File Exhibits Under Seal (doc. 99).

In connection with their summary judgment filings, defendants The Money Source, Inc. and LoanCare, LLC filed nearly 500 pages of exhibits. Every single page of nearly every single one of those exhibits was filed under seal, without leave of court. In an Order (doc. 98) entered on March 2, 2018, the Court explained that counsel's mere *ipse dixit* that "such exhibits are 'confidential'" was not sufficient, and that it was not "apparent that sealing is the least restrictive alternative available, or that an unsealed, redacted version of these exhibits could not be made publicly accessible." (Doc. 98, at 1.) On that basis, the March 2 Order directed defendants to file an appropriate motion "identifying what specifically in these hundreds of pages is so confidential that they must all be sealed from public access in their entirety and why less restrictive alternatives such as redaction are inadequate to safeguard the relevant private interests." (*Id.*)

The March 2 Order's directive that The Money Source and LoanCare make a sufficient showing to justify the across-the-board sealing of their summary judgment exhibits is rooted in important public policy considerations. Federal courts have long recognized a strong presumption in favor of allowing public access to judicial records. *See, e.g., Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is

instrumental in securing the integrity of the process. … [T]he common-law right of access includes the right to inspect and copy public records and documents."). "Indeed, the common law right of public access to judicial documents is said to predate the Constitution." *United States v. Byrd*, 11 F. Supp.3d 1144, 1148 (S.D. Ala. 2014) (citation and internal marks omitted). Importantly, the presumption of public access extends to "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery," and to any "motion that is presented to the court to invoke its powers or affect its decisions." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citations and internal quotation marks omitted). "Litigants may not override that presumption by simply referencing a protective order." *Allstate Ins. Co. v. Regions Bank*, 2015 WL 4073184, *2 n.3 (S.D. Ala. July 2, 2015); *see also Suell v. United States*, 32 F. Supp.3d 1190, 1192 (S.D. Ala. 2014) ("[t]he mere existence of a protective order does not automatically override the public's right of access").

In their Motion for Leave to File Exhibits under Seal, The Money Source and LoanCare have recognized the requirements for sealing motions, as set forth in General L.R. 5.2(b). They state that the subject exhibits include materials produced in discovery pursuant to a protective order and designated "Confidential – Attorneys' Eyes Only." They explain in broad language that these exhibits contain the following: (i) private information relating to plaintiff, Anastasia Diehl, as well as her loan and credit account; (ii) defendants' proprietary information; (iii) defendants' "[c]ompetitively sensitive information;" and (iv) sensitive or proprietary "agreements and related documentation." (Doc. 99, ¶ 7.) And they enumerate in general terms their position that many exhibits include "[c]ertain documents" marked "Confidential – Attorneys' Eyes Only" and that the depositions excerpts include "[p]ortions" that refer to documents with such designations. (*Id.*, ¶ 13.) Based on this showing, the Court is confident that, at least as to some part of the voluminous summary judgment exhibits, private interests in preserving confidentiality may outweigh the presumption of public access to judicial materials.

Here is the rub: The Court also has no doubt that the universe of information and documents as to which any legitimate sealing interest under Rule 26 exists is considerably smaller than defendants have requested. In its present form, the "seal-everything" Motion for Leave to File Exhibits Under Seal is breathtakingly overbroad. Part of the problem is that, as so often occurs in discovery, the litigants were overinclusive in their liberal use of the "Confidential – Attorneys' Eyes Only" designation in their document production. Moreover, the excessive

nature of the sealing motion is exacerbated by the inclusion of deposition excerpts in which the witness is not even discussing confidential exhibits, much less disclosing their contents in a way that reasonably implicates private concerns about disclosure of sensitive information. A few examples (among the many that are readily apparent) illustrate the point. Defendants say the Declaration of Allison Bielby (doc. 90, Exh. A) must be sealed because the exhibits to such declaration were produced by LoanCare and marked "Confidential – Attorneys' Eyes Only." However, the Bielby Declaration itself merely traces Anastasia Diehl's loan history, including the loan amount, the promissory note, the mortgage, the servicing of the loan, payment history, correspondence between Diehl and LoanCare, the witness's determinations as to the cause and responsible party for Diehl's payments being misrouted, and the like. Nothing in the Declaration appears to divulge "proprietary" or "commercially sensitive" information belonging to LoanCare. A copy of the Mortgage is attached to the Bielby Declaration as an exhibit, and marked "Confidential – Attorneys' Eyes Only," but a mortgage recorded in probate court cannot reasonably be viewed as confidential or proprietary. Another exhibit is the "Equity Accelerator" program agreement between LoanCare and Diehl, but Bielby unequivocally declares that this program "is not affiliated with LoanCare in any way," so even if this agreement were secret (which seems highly unlikely) it does not appear that public disclosure of same would trammel any legitimate privacy concerns of defendants. For another example, defendants say LoanCare's Exhibit D must be sealed because it contains documents marked "Confidential – Attorneys' Eyes Only." This three-page exhibit consists exclusively of correspondence between Diehl and LoanCare concerning Diehl's request to "set[] up biweekly automatic payments." (Doc. 90, Exh. D.) There appears to be nothing remotely proprietary, commercially sensitive or "confidential" anywhere in this exhibit.

Simply put, defendants' evidentiary submission appears to consist in substantial part of documents as to which the presumption of public access has not been overcome and does not appear to be offset by any countervailing private interests. It is not appropriate to seal a large stack of exhibits simply because a small subset may implicate *bona fide* private interests in confidentiality. To the contrary, The Money Source and Loan Care bear the burden of making a particularized showing that the Rule 26 good cause balancing test is satisfied with respect to each sealed item. *See, e.g., Suell*, 32 F. Supp.3d at 1192 ("The governing standard must be applied by the plaintiffs to each document, and to each portion of each document, separately."); General

L.R. 5.2(b)(2)(B) (motion to seal must articulate "[t]he basis upon which the party seeks the order, including the reasons why alternatives to sealing are inadequate"). Defendants have not done so here. An obvious, viable alternative to sealing every single page of movants' evidentiary submission would be for defendants to file an additional, unsealed, redacted copy of their exhibits, and thereby to facilitate public access to all portions of the deposition transcripts and documents that do not truly contain proprietary or competitively sensitive information.

In short, defendants' proposed kneejerk "seal-everything" approach, while perhaps expedient, is incompatible with *Chicago Tribune*, Rule 26, General L.R. 5.2, and this Court's obligation to safeguard the public's right of access to court proceedings absent a specific showing of overriding private interests. Accordingly, defendants are **ordered** to file a supplemental memorandum, on or before **March 28, 2018**, setting forth in detail, <u>on an item-by-item basis</u>, precisely which materials and categories of information it is claiming should be sealed and why. Wherever reasonably possible, defendants are expected to file redacted public versions of these materials, so as to allow unfettered public access to all non-sensitive portions of those documents. The Court recognizes that this process may be time-consuming; however, the concerns expressed herein are important. The presumption of public access matters, and will not be cavalierly set aside for the sake of convenience. Where defendants can show particularized concerns about Diehl's privacy or disclosure of commercially sensitive / proprietary information, the Court will grant the sealing request. As to all other exhibits and portions of exhibits, however, the public right of access must be honored and preserved, notwithstanding the "Confidential" stamp affixed to the bottom of a page during discovery.

DONE and ORDERED this 14th day of March, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE