# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANASTASIA P. DIEHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0125-WS-B |
| | ) |
| THE MONEY SOURCE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Defendants' Unopposed Motion for Leave to File Exhibits Under Seal (doc. 99). In support of the Motion and in response to an Order (doc. 101) entered on March 14, 2018, both LoanCare, LLC and The Money Source Inc. have filed Supplemental Memoranda (docs. 105, 106).

In connection with their summary judgment filings, defendants The Money Source, Inc. and LoanCare, LLC filed nearly 500 pages of exhibits, all under seal. The March 14 Order expressed concern that defendants' across-the-board sealing of their exhibits would improperly burden the public's right of access to the summary judgment record. After all, the March 14 Order recognized, "the common-law right of access includes the right to inspect and copy public records and documents." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *see also F.T.C. v. AbbVie Products LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (discussing presumption of public access to judicial records, but observing that judicial records may be withheld from the public on a finding of good cause pursuant to a balancing test that weighs competing interests). Although LoanCare and TMS initially championed an overinclusive, "seal-everything" approach, they responded to the March 14 Order by reviewing their summary judgment exhibits on a document-by-document basis; proposing that certain specific exhibits, pages or passages be redacted to protect defendants' proprietary or commercially sensitive information or to safeguard plaintiff's privacy, as articulated in their

Supplemental Memoranda; and stating their acquiescence to the unsealing of all other exhibits in the summary judgment record. (*See* doc. 105, at ¶ 16; doc. 106, at ¶ 16.)

The Court appreciates defendants' careful attention and painstaking efforts to address the concerns raised in the March 14 Order and to honor the public's right of access to the greatest extent possible, while still preserving the parties' legitimate interests in confidentiality as to specific items in the summary judgment record. With respect to the particular materials listed in paragraph 16 of defendants' Supplemental Memoranda, the Court agrees that TMS and LoanCare have articulated legitimate grounds for maintaining those items under seal and have made the requisite showing of good cause to support an order withholding those unredacted documents from public view.[1]

In light of the foregoing, Defendants' Unopposed Motion for Leave to File Exhibits Under Seal (doc. 99) is **granted**, and the redactions proposed in their Supplemental Memoranda are **authorized** in full. Defendants' summary judgment exhibits found at docket entries 90 and 95 will remain **sealed**, subject to the following two conditions: (1) on or before **May 1, 2018**, defendants are to make all redactions enumerated in Paragraph 16 of their Supplemental Memoranda, and to refile on the public docket a complete, redacted set of all summary judgment exhibits found at docket entries 90 and 95; and (2) the Court will entertain any request from the plaintiff or any member of the public to revisit the sealed status of any exhibit or redaction to same upon an appropriate legal showing.

DONE and ORDERED this 18th day of April, 2018.

                                      s/ WILLIAM H. STEELE
                                      UNITED STATES DISTRICT JUDGE

---

[1] That said, to the extent that plaintiff might wish to file unsealed, unredacted versions of exhibits that have been redacted for the stated reason of protecting her privacy interests, nothing herein would preclude her from doing so.